UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR,<br><br>Plaintiff,<br><br>v.<br><br>CALIPATRIA STATE PRISON et al.,<br><br>Defendants. | No. 2:15-cv-1386 DAD P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee or filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, plaintiff's claim allegedly arose in Imperial County, which is located within the Southern District of California. Therefore, plaintiff's action asserting that claim should have

1  been filed in the United States District Court for the Southern District of California.  In the
2  interest of justice, a federal court may transfer a complaint filed in the wrong district to the
3  correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
4      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
5  States District Court for the Southern District of California.
6  Dated:  July 17, 2015

```
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

9  DAD:9
   favo1386.21